APR 19 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**07 CV 3294**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 19 2007

FILED
CLERK'S OFFICE

**DOCKET NO. 1789**

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE FOSAMAX PRODUCTS LIABILITY LITIGATION

*Nancy Ferraro, et al. v. Merck & Co., Inc., et al.,* C.D. California, C.A. No. 2:06-7733
*Jennifer Bogard, et al. v. Merck & Co., Inc., et al.,* N.D. California, C.A. No. 3:06-6917
*Edna Goya v. Merck & Co., Inc., et al.,* S.D. California, C.A. No. 3:06-2574

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN* AND ANTHONY J. SCIRICA,* JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in a Central District of California action, a Northern District of California action, and a Southern District of California action. These plaintiffs ask the Panel to vacate its orders conditionally transferring the actions to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Common defendant Merck & Co., Inc., opposes the motions to vacate and urges inclusion of the actions in the MDL-1789 proceedings.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of these three actions to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Southern District of New York was a proper Section 1407 forum for actions involving allegations that ingestion of Fosamax, a prescription medication used in the treatment of osteoporosis, caused adverse effects, in particular, osteonecrosis of the jaw. *See In re Fosamax Products Liability Litigation*, 444 F.Supp.2d 1347 (J.P.M.L. 2006). Should plaintiffs wish to pursue or renew their motions for remand to state court, they can do so in the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

\* Judges Motz, Hansen and Scirica took no part in the decision of this matter.

A CERTIFIED COPY
J. MICHAEL McMAHON,   CLERK

BY _____
DEPUTY CLERK

- 2 -

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable John F. Keenan for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*/s/ Wm. Terrell Hodges*

Wm. Terrell Hodges
Chairman